## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUNGYONG KANG,
　　　　　Appellant,

v.

DEPARTMENT OF
　　TRANSPORTATION,
　　　　　Agency.

DOCKET NUMBER
SF-752P-25-1388-I-1

DATE:  July 9, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>SungYong Kang</u>, Garden Grove, California, pro se.

<u>Marquitta Robinson</u>, Fort Worth, Texas, for the agency.

<u>Lindsay M. Nakamura</u>, El Segundo, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant claims that the administrative judge made erroneous interpretations of statute and regulation. Petition for Review (PFR) File, Tab 1 at 2. Specifically, he contends that the administrative judge "ignored" that his collective bargaining agreement (CBA) "preserved" Board appeal rights "related to due process and a discriminatory termination of a probationary employee such as [him]" because it references the regulations at 5 C.F.R. part 315 subpart H, and he believes that the regulations at 5 C.F.R. part 315 subpart H establish Board jurisdiction over his appeal.[2] *Id.* at 2-6. He also reargues that he met and exceeded performance expectations, that he was terminated because of protected union activity, and that he was never given a chance to respond to the termination notice. *Id.* at 3-6. He further claims that the termination notice failed to inform him of his right to appeal to the Board and the time limit for doing so pursuant to "[section] 315.80[5](b)(c)." *Id.* at 6.

---

[2] Effective June 24, 2025—about 2 months after the appellant's termination—the Office of Personnel Management rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

None of the appellant's arguments provide a basis for disturbing the initial decision. As the administrative judge correctly pointed out in the initial decision, 5 C.F.R. part 315 subpart H does not apply to the appellant. Initial Appeal File, Tab 10, Initial Decision (ID) at 5. Regulatory grounds for appeal are only available to individuals in the competitive service. *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶¶ 8, 10 (2010); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (holding that 5 C.F.R. § 315.806 applies only to individuals in the competitive service). As a result, the appellant's repeated claims about the CBA "preserving" his Board appeal rights are without merit, as is his assertion that the agency improperly failed to inform him of his right to appeal to the Board pursuant to "[section] 315.80[5](b)(c)." PFR File, Tab 1 at 2-3, 6.

Additionally, the Board lacks jurisdiction to address the appellant's claim of discrimination based on union activity as well as his due process arguments in the absence of an otherwise appealable action. *See, e.g.*, *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 15 (2006) (finding that, because the appellant did not establish jurisdiction over her appeal, the Board did not have jurisdiction over her claims of discrimination and violations of her due process rights and of the merit system principles); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); *see also* ID at 5 n.3. Furthermore, the appellant's assertions that he in fact met and exceeded his performance expectations pertain to the merits of the agency's termination decision rather than the Board's jurisdiction over the appeal, and thus also provide no basis to disturb the initial decision. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (holding that an appellant's arguments concerning the merits of her appeal were not relevant to the question of jurisdiction); *Yakupzack v. Department of Agriculture*, 10 M.S.P.R.

180, 182 (1982) (stating that the Board's review of probationary terminations does not include a review of the merits of the termination action).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _Gina K. Grippando_____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.